IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL D. TARR,
  Plaintiff,
  v.        Case No. 3:05-cv-31-KRG-KAP
RALPH PERIANDI, PENNSYLVANIA
STATE POLICE, and LINDA BONNEY,
  Defendants

### Report and Recommendation

#### Recommendation

Defendants' motion for summary judgment, docket no. 34, is pending. It should be granted as to the sole federal claim for deprivation of procedural due process in violation of the Fourteenth Amendment. All of the plaintiff's remaining claims are state law claims and there is no good reason to exercise pendent jurisdiction over them. Those claims should be dismissed without prejudice to proceeding in the appropriate state court. See 42 Pa.C.S.§ 5103(b).

#### Report

On March 3, 2004, plaintiff was a Liquor Enforcement Officer of the Pennsylvania State Police serving the last day of his probationary period when he was discharged from employment by defendant Periandi, Deputy Commander of Operations. See docket no. 36, Defendants' Statement of Material Facts, ¶¶ 32-34, docket no. 42, Plaintiff's Counter-statement of Material Facts, ¶¶ 32-34. Seen in the light most favorable to the plaintiff, the evidence could lead a reasonable factfinder to conclude that Periandi's action in firing plaintiff, despite the recommendation of

Periandi's chain of command (who were the officers who had supervised plaintiff) that plaintiff be retained, and despite Periandi's own original conclusion that plaintiff be retained, was unique in the experience of the Pennsylvania State Police. A factfinder could also conclude that this firing was not justified by plaintiff's job performance and was instigated by defendant Linda Bonney, the Director of Human Resources, who had never supervised or even met plaintiff during his employment. Plaintiff alleges that his firing under these circumstances violates the Due Process Clause of the Fourteenth Amendment[1]. Plaintiff alleges a number of state law claims as well, and defendants raise a number of state law defenses to those claims, but if the federal claim is insubstantial the reasons of judicial economy justifying the retention of pendent jurisdiction do not weigh in favor of a

---

1. Plaintiff cites County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998), for the proposition that the Due Process Clause has both a substantive component and a procedural component. docket no. 41, Plaintiff's Brief at 5. Only procedural due process is at issue here. To constitute a substantive violation of the Due Process Clause, the official conduct alleged must be so ill-conceived or malicious that it shocks the conscience. See 523 U.S. at 849 "[C]onduct intended to injure in some way [and] unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Being discharged from employment by a letter on the last day of a probationary period does not qualify as conscience shocking. See also Hill v. Borough of Kutztown, 455 F.3d 225, 234 n.12 (3d Cir.2006)(dismissing constructively discharged public employee's substantive due process claim for lack of fundamental right to employment).

federal court adjudicating state law claims between a public employee and a state agency.

In order for plaintiff to have a viable claim for violation of procedural due process in his discharge from his job, he must have had some substantively protected property interest in that job created by state law. See Bishop v. Wood, 426 U.S. 341, 347 (1976). There is no factual dispute that plaintiff was a probationary employee and no legal authority to support a claim that plaintiff had a property interest in his job while a probationary employee. See Pipkin v. Pennsylvania State Police, 693 A.2d 190 (Pa.1997); Blanding v. Pennsylvania State Police, 12 F.3d 1303 (3d Cir.1993). Although plaintiff argues that the facts of his case can be distinguished from the facts of Blanding and the facts of the cases cited in Blanding, it is clear that under Pipkin simple dissatisfaction with a probationary employee is a permissible basis for dismissal. See Pipkin, 693 A.2d at 191.

If plaintiff had passed his probationary period, the Fourteenth Amendment would have provided that he could be terminated only after notice and an opportunity to be heard, Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), and in fact under Pennsylvania law would be entitled to a hearing before a court martial board, but the very mark of plaintiff's status as a probationary employee is that he had no substantive property interest in his continued employment. The fact that in

3

other cases (or even in every other case) probationary employment had led to permanent employment does not create a property interest in the employment. Board of Regents v. Roth, 408 U.S. 564 (1972)("unilateral expectation" of continued employment is insufficient to create property interest protected by Due Process Clause), compare Perry v. Sindermann, 408 U.S. 593 (1972) (allegation that the custom of rehiring non-tenured college professors amounted to de facto tenure system, if proved, would support a due process claim). As subsequent cases have made clear, Perry v. Sindermann's de facto property interest requires "**mutually explicit** understandings," 408 U.S. 601 (my emphasis), that employment would continue, and the mere statistical rarity that someone in plaintiff's position suffers discharge does not create a legal right to a hearing. See Stana v. School District of Pittsburgh, 775 F.2d 122, 126-27 (3d Cir.1985)(school district's communication to teachers of its practice of hiring from eligibility list is sufficient to create interest requiring hearing before plaintiff was removed from list); cf. Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093, 1099 (9th Cir.1981)(bank's failure to terminate anyone like plaintiff was not sufficient to create property interest), cert. denied, 455 U.S. 948 (1982).

In short, plaintiff has no federal claim, and his state law claims should be adjudicated in the state courts.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: Jun 12, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF